1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

ALEXANDER M.,

8
                              Plaintiff,                    CASE NO. C21-254-BAT
9
                                                            **ORDER REVERSING THE**
      v.                                                    **COMMISIONER'S FINAL DECISION**
10                                                          **AND REMANDING FOR FURTHER**
      COMMISSIONER OF SOCIAL SECURITY,                      **ADMINISTRATIVE PROCEEDINGS**
11
                              Defendant.
12

13        Plaintiff appeals denial of his application for Supplemental Security Income.  He

14  contends the ALJ erred by rejecting three medical sources' opinions and his father's lay witness

15  statement.  Dkt. 10.  As discussed below, the Court **REVERSES** the Commissioner's final

16  decision and **REMANDS** the matter for further administrative proceedings under sentence four

17  of 42 U.S.C. § 405(g).

18                                     **BACKGROUND**

19        Plaintiff is 31 years old, has a high school education, and has performed skilled and semi-

20  skilled work.  Tr. 30-31.  He applied for benefits on November 29, 2018.  Tr. 19.  In October

21  2020, the ALJ issued a decision finding Plaintiff not disabled.  Tr. 19-32.  In pertinent part, the

22  ALJ found Plaintiff's severe impairments of schizophrenia and depression limited him to simple,

23  routine work with only superficial contact with coworkers and the public.  Tr. 21, 23.

1

**DISCUSSION**

2        This Court may set aside the Commissioner's denial of Social Security benefits only if

3   the ALJ's decision is based on legal error or not supported by substantial evidence in the record

4   as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

5   **A.      Medical Opinions**

6        Under 20 C.F.R. § 416.920c(b)(2), (c), the ALJ considers the persuasiveness of the

7   medical opinion using five factors (supportability, consistency, relationship with claimant,

8   specialization, and other), with supportability and consistency being the two most important

9   factors.  The decision must explain how the ALJ considered the factors of supportability and

10  consistency, 20 C.F.R. § 416.920c(b), and must be supported by substantial evidence.

11  **1.      Michael A. Archer, Psy.D.**

12       Dr. Archer treated Plaintiff from February 16, 2017, until January 11, 2018.  Tr. 1197.  In

13  July 2020, Dr. Archer completed an Assessment of Mental Functioning form and wrote at the

14  top, "This information is only applicable to the time period 2/16/17 to 1/11/2018."  Tr. 1198.

15       The ALJ noted Dr. Archer's opinions but stated she did not consider "medical opinion

16  evidence … specifically noted to be related to … the period prior to the October 3, 2018 date of

17  the most recent of the unfavorable" determinations on Plaintiff's prior claims.  Tr. 28 n. 1.

18  Plaintiff notes any prior applications and decisions are missing from the record.  Dkt. 10 at 5.

19  Regardless of whether prior applications exist, the relevance of Dr. Archer's opinion depends on

20  circumstances such as how long before the period at issue it addresses and whether there is

21  evidence of intervening worsening or improvement.  *See Smith v. Bowen*, 849 F.2d 1222, 1225

22  (9th Cir. 1988) ("it is clear that reports containing observations made after the period for

23  disability are relevant to assess the claimant's disability"); *Macri v. Chater*, 93 F.3d 540, 545

("The opinion of a psychiatrist who examines the claimant after the expiration of his disability insured status … is entitled to less weight than the opinion of a psychiatrist who completed a contemporaneous exam.").

Plaintiff contends the ALJ erred by failing to consider Dr. Archer's 2020 opinion "because it addressed functional limitations that persisted during the relevant period." Dkt. 10 at 3. However, Plaintiff experienced voluntary and involuntary admissions to in-patient psychiatric treatment, in addition to several medication changes, between the time Dr. Archer treated him and the period at issue. *See* Tr. 24, 381-82, 434-39. Under the circumstances, the ALJ reasonably concluded Dr. Archer's opinions were not helpful in assessing the period at issue here. The Court accordingly concludes the ALJ did not err by declining to consider Dr. Archer's opinions.

### 2.     Mary Bartels, M.D.

In February 2019, Dr. Bartels filled out an Assessment of Mental Functioning form, opining Plaintiff was markedly limited in interacting with others and adapting or managing himself. Tr. 608-09. She opined it was "doubtful" Plaintiff could maintain full time employment "because of his severe paranoia." Tr. 609. In July 2020, Dr. Bartels completed another form, opining Plaintiff relied on treatment or structured settings to diminish his symptoms, and he had a minimal capacity to adapt to changes in his environment. Tr. 1204.

Plaintiff concedes the ALJ permissibly discounted the portions of Dr. Bartels' opinions addressing the ultimate issue of disability. Dkt. 10 at 8. However, Plaintiff contends the ALJ erred by discounting Dr. Bartels' opinions of specific functional limitations. *Id*. The ALJ found Dr. Bartels' opinions unsupported by explanation or her treatment notes, and inconsistent with the medical evidence and Plaintiff's activities. Tr. 29.

a)      **Medical Evidentiary Support**

The Commissioner argues the only explanation Dr. Bartels provided on the opinions forms was "severe paranoia."  Dkt. 11 at 6.  However, it is error to reject "opinions expressed in check-box form [when they] were based on significant experience with [the claimant] and supported by numerous records."  *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014).

The Commissioner argues Dr. Bartels' treatment notes did not support her opinions.  He points to Plaintiff's and his family's report he was "much improved" in November 2018.  *See* Tr. 589.  However, Plaintiff's improvement was relative to a recent involuntary hospitalization based on danger to others.  Tr. 589.  "That a person who suffers from severe [mental symptoms] makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."  *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).  Nothing in the record suggests Plaintiff improved to such a degree as to contradict Dr. Bartels' opinions.

The Commissioner also points to periodically normal mental status examinations in Dr. Bartels' treatment notes, but acknowledges frequent abnormal results such as paranoia, hallucinations, irritability, and poor insight.  Dkt. 11 at 6-7.  As the Ninth Circuit has "emphasized while discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.  Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."  *Garrison*, 759 F.3d at 1017.  In approximately monthly visits during the relevant period, about half of Dr. Bartels' treatment notes reflect normal mental status examination findings and about half reflect abnormalities,

especially paranoid thought content and guarded attitude.  *See* Tr. 582-602, 631-51, 1115-41.

These serious abnormalities supported Dr. Bartels' opinion Plaintiff had serious limitations in

interacting with others and adapting himself "on a sustained basis."  Tr. 607.  Substantial

evidence does not support the ALJ's finding Dr. Bartels' opinions was unsupported by her own

treatment notes.

The ALJ also found Dr. Bartels' opinions contradicted by other medical evidence.  Tr.

29.  In November 2018, Plaintiff's primary care provider, Sadia Habib, M.D., recorded

Plaintiff's reports he was doing "much better" and found "[n]o evidence of mood disorder."  Tr.

575-76.  However, this improvement was shortly after Plaintiff's involuntary hospitalization for

nearly a month due to danger to others.  *See* Tr. 575.  And Plaintiff's schizophrenic disorder

involves not just mood symptoms, but psychosis, or loss of contact with reality, as evidenced by

the paranoia and delusions documented by Dr. Bartels.  The Commissioner also points to

treatment notes showing Plaintiff was alert and cooperative with appropriate speech, behavior,

mood, and affect.  *See* Tr. 615, 619-20, 1098.  These findings do not contradict Dr. Bartels'

opinions of serious limitations based on psychotic symptoms.

The ALJ also noted Dr. Bartels assessed Plaintiff as "stable" on medication at times, and

Plaintiff did not require in-patient psychiatric hospitalizations during the period at issue.  Tr. 29.

While in some visits Dr. Bartels found Plaintiff stable, in many visits she adjusted his medication

or noted symptoms persisted.  *See, e.g.*, Tr. 584 ("Consider decreasing" medication), 587

("residual paranoia on current medications"), 1131 ("Dosage increase"), 1138 ("Dosage

decrease").  In any case, being stable, or unchanging, does not contradict Dr. Bartels' opinions of

remaining symptoms.  Regarding the lack of hospitalization, the ALJ offered no explanation or

1    evidentiary support for why this would contradict Dr. Bartels' opinions.  Symptoms can be

2    serious enough to markedly limit work activities without requiring hospitalization.

3           Inconsistency with the medical evidence was not a valid reason to discount Dr. Bartels'

4    opinions.

5              **b)**      **Activities**

6           The Commissioner cites part-time work delivering food, walking, meditating, working on

7    a book, doing yoga, driving, exercising, studying, spending time with others and at a Buddhist

8    temple and Canadian monastery, but fails to offer any explanation for how any of these activities

9    contradict Dr. Bartels' opinions.  Dkt. 11 at 9.  There is no indication in the record Plaintiff

10   engaged in any of these activities at a frequency or degree contradicting Dr. Bartels' opinions.

11   Conflict with Plaintiff's activities was not a valid reason to discount Dr. Bartels' opinions.

12         The Court concludes the ALJ erred by discounting Dr. Bartels' opinions.

13    **3.**      **Geordie Knapp, Psy.D.**

14        Dr. Knapp examined Plaintiff in September 2019 and opined he was unable to sustain

15   punctual attendance, effective communication and performance, and completion of a normal

16   work day and week.  Tr. 1208.  Dr. Knapp also opined marked limitations in adapting to

17   changes, requesting assistance, and maintaining appropriate behavior.  *Id*.

18        The ALJ found Dr. Knapp's opinions "unpersuasive" as unsupported by his own

19   examination, based on inaccurate information, and inconsistent with improvement with

20   medication, unremarkable objective findings, and Plaintiff's activities.  Tr. 29.

21        Dr. Knapp observed abnormalities in speech, attitude and behavior, mood, affect, thought

22   process and content, memory, and insight and judgment.  Tr. 1210.  The ALJ found, however,

23   Dr. Knapp's findings of normal appearance, orientation, perception, fund of knowledge,

1    concentration, and abstract thought justified "less limited" functioning than Dr. Knapp opined.

2    Tr. 29.  However, merely listing the normal and abnormal findings does not explain why the ALJ

3    considered the normal results more significant.  *See Reddick v. Chater*, 157 F.3d 715, 725 (9th

4    Cir. 1998) ("The ALJ must do more than offer his conclusions.  He must set forth his own

5    interpretations and explain why they, rather than the doctors', are correct.").  Given Plaintiff's

6    undisputed schizophrenic disorder, Dr. Knapp's abnormal findings of "guarded" attitude and

7    "delusional" ideation appear far more relevant than his findings of normal hygiene and pleasant

8    demeanor.  Tr. 1209.  Conflict with his own examination findings was not a valid reason to

9    discount Dr. Knapp's opinions.

10          The ALJ noted Dr. Knapp's clinical interview notes inaccurately state Plaintiff was

11    hospitalized in May or June of 2019.  *See* Tr. 1206.  While the date is inaccurate, Plaintiff had in

12    fact experienced recent hospitalizations, in June 2018 and October to November 2018.  Tr. 346,

13    575.  The ALJ failed to explain how knowing the accurate dates would have altered Dr. Knapp's

14    opinions.  This was not a valid reason to discount Dr. Knapp's opinions.

15          The ALJ also discounted Dr. Knapp's opinions based on the same evidence discussed

16    above of improvement with treatment, objective medical evidence, and Plaintiff's activities.  Tr.

17    29.  For the same reasons discussed above, these were not valid reasons to discount Dr. Knapp's

18    opinions.

19          The Court concludes the ALJ erred by discounting Dr. Knapp's opinions.

20    **B.    Lay Witness Statement**

21          Plaintiff's father filled out a Function Report in April 2019 and an Assessment Form in

22    July 2020.  Tr. 246-53, 286-88.  Plaintiff's father reported Plaintiff has "poor judgment

23    recognizing mistakes [He] often totally misunderstands what is being said or discussed" and

1   becomes "very angry and confrontational [and] has to be asked to leave the room." Tr. 286-87.

2   He reported, when Plaintiff performs a task, he "works very slow and takes excessive number of

3   breaks[.]" Tr. 287.  Plaintiff's father stated Plaintiff "has no social judgment [and thus] cannot

4   distinguish between what is acceptable and what is not[.]" Tr. 288.  He reported Plaintiff

5   "isolate[s] for 1-2 weeks when symptoms are worse." Tr. 249.  Plaintiff reads, but he questions

6   Plaintiff's understanding.  Tr. 250.

7          The Commissioner concedes the ALJ erred by stating she was "not required to articulate"

8   how she considered Plaintiff's father's statements.  Tr. 30.  The Commissioner contends the error

9   is harmless because Plaintiff does not challenge the ALJ's reasons for rejecting his testimony,

10  which apply equally to his father's statements.  Dkt. 11 at 11.  However, much of Plaintiff's

11  father's testimony differed from Plaintiff's.  The ALJ summarized Plaintiff's testimony as loss of

12  interest in past hobbies, periods of "two to three days in which he experiences delusional

13  thinking," "thinking people are talking about him," and periods of being "extremely hyper" and

14  periods of "low energy." Tr. 24.  Plaintiff's father's statements differ in many respects, such as

15  in assessing poor judgment and observing Plaintiff become angry and confrontational.  The ALJ

16  reasonably rejected Plaintiff's testimony as unreliable.  However, Plaintiff's father's statements

17  offer evidence it is Plaintiff's impairments that make him unreliable.

18         The Court concludes the ALJ harmfully erred by failing to address Plaintiff's father's

19  statements.

20  **C.     Scope of Remand**

21         Plaintiff requests remand for an award of benefits or, alternatively, for further

22  administrative proceedings.  Dkt. 10 at 18-19.  Remand for an award of benefits "is a rare and

23  prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 8

F.3d 1041, 1044 (9th Cir. 2017).  To award of benefits, after finding the ALJ rejected evidence without legally sufficient reasons, the Court would have to conclude "the record has been fully developed [and] there are [no] outstanding issues that must be resolved before a determination of disability can be made[.]"  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  Only if these first two steps are satisfied does the Court determine, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  Plaintiff has not shown all conflicts in the record have been resolved.  Dr. Bartels' and Dr. Knapp's opinions conflict with the opinions of State agency non-examining doctors John F. Robinson, Ph.D., and Renee Eisenhauer, Ph.D.  Tr. 80-81, 97-99.  Because the prerequisites to remand for benefits have not been established, the Court concludes remand for further proceedings is appropriate.

## CONCLUSION

For the reasons above, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall reevaluate Dr. Bartels' and Dr. Knapp's opinions and Plaintiff's father's statements, reconsider at step three whether Plaintiff's impairments meet or equal a listed impairment, develop the record and redetermine RFC as needed, and proceed to step five as necessary.

DATED this 25th day of August 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge